ajg

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 04-40019-JAR-01 |
| | ) | 06-3145-JAR |
| PAMELA WHITE | ) | |
| | ) | |
| Defendant/Petitioner. | ) | |
| | ) | |

### <u>MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255</u>

Defendant/Petitioner Pamela White filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set

Aside, or Correct Sentence.  (Doc. 46-1.)  In her motion, Petitioner asserts as grounds for relief

that her counsel provided ineffective assistance by: (1) failing to pursue the four-level reduction

for role in the offense; (2) failing to pursue the two-level reduction for the "safety valve"

provision; and (3) failing to research court papers and effectively argue that Ms. White is entitled

to a reduction of sentence via Rule 35.  For the reasons stated below, the Court denies Petitioner's

motion.

### I.  Procedural Background

On February 17, 2005, Pamela S. White (Petitioner) pled guilty to a one-count Indictment

charging her with possession of more than two kilograms (2,196 grams) of methamphetamine

with intent to distribute.  (Doc. 38.)  Petitioner was represented by Stephen W. Kessler (Counsel).

Petitioner signed a plea agreement that stated she understood she faced a mandatory minimum

sentence of ten years (120 months) for the offense of conviction.  It stated further that she understood "that the sentence to be imposed will be determined solely by the United States District Judge.  The United States cannot and has not made any promise or representation as to what sentence the defendant will receive."  The plea agreement stated Petitioner "knowingly and voluntarily waive[d] any right to appeal or collaterally attack any matter in connection with the . . . sentence."  It stated Petitioner "waives any right to challenge a sentence or otherwise attempt to modify or change her sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]."  The agreement clarified, stating  "in other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court."

Attached to the plea agreement was a Petition to Enter Plea, signed by Petitioner, which attested that the plea was made freely and voluntarily and that Petitioner understood the maximum sentence that might be imposed based on her plea.  Petitioner attested that no promises other than those contained in the plea agreement had been made to her regarding her sentence.  In the plea agreement, the Government agreed to recommend a three level reduction for acceptance of responsibility, and not to oppose reductions in sentence for mitigating role in the offense under United States Sentencing Guideline (U.S.S.G.) § 3B1.2, and for the "safety valve" provision under U.S.S.G. § 5C1.2.  Petitioner further attested that she knew any promises, suggestions or predictions made to her regarding her sentence had no authority, even if made by her attorney.

At her plea hearing on February 17, 2005, Petitioner represented to the Court that her

decision to plead guilty was made voluntarily and of her own free will.  She told the Court that she received no promises or assurances, other than those in the plea agreement, which affected her decision to plead guilty.  She stated that the plea agreement had been explained to her by Counsel.  The Court made clear to Petitioner that any possibility she had to receive a reduced sentence for substantial assistance was wholly within the discretion of the government, and that otherwise the mandatory minimum sentence was ten years in prison.  Petitioner then pled guilty to Count I of the Indictment.

Petitioner's sentencing hearing was held on May 16, 2005.  Petitioner told the Court that the reason she took the guilty plea was because the government was supposed to make recommendations for her at sentencing.  The government recommended a three-level reduction for acceptance of responsibility, in accordance with the plea agreement.  Petitioner received a two-level reduction for "minor" role in the offense, and no reduction for safety valve.

Counsel objected to the inclusion of three of Petitioner's six criminal history points, which were assessed in connection with a prior conviction in Georgia in which Petitioner had not been represented by counsel.  The Court sustained this objection, which reduced Petitioner's criminal history points to three.  Counsel did not argue for a four-level reduction for "minimal" role in the offense, for application of the "safety valve" provision, or for reduction for substantial assistance via Rule 35.  The Court sentenced Petitioner to the mandatory minimum 120 months imprisonment.

On April 17, 2006, Petitioner was notified by Counsel that the government was not likely to file a Rule 35 motion to reduce her sentence for substantial assistance.  The government told Counsel that the information Petitioner provided was of no use in another investigation.

Petitioner now asks the Court to correct this sentence, asserting that Counsel provided ineffective assistance.  Petitioner advances the following contentions regarding ineffective assistance of counsel:  failing to pursue the four-level reduction for role in the offense; failing to pursue the two-level reduction for the "safety valve" provision; and failing to research court papers and effectively argue that Petitioner was entitled to a reduction in sentence via Rule 35.

## II.  Analysis

Under 28 U.S.C. § 2255, the Court is required to conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[1]  The Court determines that the motion and files of this case are conclusive in showing that Petitioner is entitled to no relief on the grounds asserted in her motion.

In this case, Petitioner entered into a plea agreement with a provision waiving her right to collaterally attack her sentence.  The Court will hold a defendant and the government to the terms of a lawful plea agreement.[2]  Therefore, a knowing and voluntary waiver in a plea agreement of the right to collaterally attack a sentence under § 2255 is generally enforceable.[3]  The Tenth Circuit has adopted a three-pronged analysis for evaluating the enforceability of such a waiver in which the court must determine: (1) whether the disputed issue falls within the scope of the waiver; (2) whether the defendant knowingly and voluntarily waived her rights; and (3) whether enforcing the waiver would result in a miscarriage of justice.[4]

---

[1]*United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), *cert. denied*, 532 U.S. 943 (2001) (internal quotation and citation omitted).

[2]*United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004).

[3]*United States v. Cockerham*, 237 F.3d 1179, 1181-83 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002).

[4]*United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

**A. Scope of Waiver**

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement.[5]  The plea agreement is construed "according to contract principles and what the defendant reasonably understood when she entered her plea."[6]  The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of the defendant.[7]

The plea agreement states, "[Petitioner] waives any right to challenge a sentence or otherwise attempt to modify or change her sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)]."  The scope of this waiver explicitly includes the right to collaterally attack, by way of a § 2255 motion, any matter in connection with her prosecution, conviction, and sentence.  Petitioner's instant motion is a collateral attack on her sentence by way of a § 2255 motion.  It therefore falls within the scope of the waiver contained in the plea agreement.

**B. Knowing and Voluntary Waiver**

A waiver is enforceable when it is explicitly stated in the plea agreement, and when the plea and waiver are both made knowingly and voluntarily.[8]  To determine whether a waiver of appellate rights is knowing and voluntary, the Court looks to two factors.[9]  First, whether the

---

[5]*United States v. Anderson*, 374 F.3d 955, 957 (10th Cir. 2004).

[6]*Arevalo-Jimenez*, 372 F.3d at 1206 (internal quotation and citations omitted).

[7]*Hahn*, 359 F.3d at 1343.

[8]*Cockerham*, 237 F.3d at 1183.

[9]*Hahn*, 359 F.3d at 1325.

language of the plea agreement states that the defendant entered into the agreement knowingly and voluntarily (i.e., the plea agreement states that [the defendant] knowingly and expressly waives the right to appeal).[10]  Second, the Court looks for an adequate Federal Rule of Criminal Procedure 11 colloquy.[11]  In other words, the defendant must be addressed in open court before entry of a guilty plea to determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in the plea agreement).[12]  A defendant will be "bound by [her] solemn declarations in open court.[13]

The plea agreement states, "[d]efendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence."  Petitioner attested that her plea and waiver were made knowingly and voluntarily in her Petition to Enter Plea.  Furthermore, Petitioner represented in open court that she understood the plea agreement's terms, and affirmed her knowing and voluntary assent to it.  When asked by the Court whether she was familiar with the plea agreement and its terms, Petitioner responded, "Yes, your honor."  When asked by the Court if her decision to enter the plea was made voluntarily and of her own free will, Petitioner responded, "yes."  The Court finds that Petitioner knowingly and voluntarily entered her guilty plea and waived her right to collaterally attack.

## C.  Miscarriage of Justice

Because Petitioner knowingly and voluntarily waived the right to collaterally attack her

---

[10]*Id.*  (internal quotation and citation omitted).

[11]*Id.*  (citations omitted).

[12]Fed. R. Crim. P. 11(b)(2).

[13]*Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996), *cert denied*, 519 U.S. 998 (1996).

sentence, her § 2255 motion fails unless such failure would result in a miscarriage of justice.[14]
This test is met only if: (1) the district court relied on an impermissible factor such as race; (2) the
defendant received ineffective assistance of counsel in conjunction with the negotiation of the
waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful
in the sense that it suffers from an error that seriously affects the fairness, integrity, or public
reputation of judicial proceedings.[15]   The defendant bears the burden of demonstrating that the
waiver results in a miscarriage of justice.[16]

In this case, Petitioner's only argument is that she received ineffective assistance of
counsel.  A plea agreement waiver of post-conviction rights "does not waive the right to bring a §
2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea
or waiver."[17]   In order to survive the waiver, (1) there must be a basis for a claim of ineffective
assistance of counsel, and (2) the ineffectiveness claim must challenge the validity of the plea.[18]
"Collateral attacks based on ineffective assistance of counsel claims that are characterized as
falling outside this category are waivable."[19]

### 1. Petitioner's Claims of Ineffective Assistance of Counsel

In order to succeed on a claim of ineffective assistance of counsel, Petitioner must meet

---

[14]*Hahn*, 359 F.3d at 1327.

[15]*Id.*

[16]*United States v. Anderson*, 374 F.3d 955, 959 (10th Cir. 2004).

[17]*United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).

[18]*Id.*

[19]*Id.*

the two-prong test set forth in *Strickland v. Washington*.[20]  Under that test, Petitioner must first show that Counsel's performance was deficient because it "fell below an objective standard of reasonableness."[21]  Second, she must show that Counsel's deficient performance actually prejudiced her defense.[22]

In her motion, Petitioner advances the following contentions regarding ineffective assistance of counsel: failing to pursue the four-level reduction for role in the offense on the date of sentencing; failing to pursue the two-level reduction for the "safety valve" at the date of sentencing; and failing to research court papers and effectively argue that Petitioner was entitled to a reduction in sentence via Rule 35.

### a.  Reasonableness of Counsel's Performance

"In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances."[23]  "Judicial scrutiny of counsel's performance must be highly deferential."[24]  "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."[25]

Petitioner first contends Counsel failed to pursue a four-level reduction for her role in the

---

[20]466 U.S. 668 (1984).

[21]*Id.* at 688.

[22]*United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

[23]*Strickland*, 466 U.S. at 688.

[24]*Id.* at 689.

[25]*Id.* at 690.

offense.   In her Pre-Sentence Investigation Report (PSIR), Petitioner received a two-level reduction for "minor" role in the offense.   Counsel hypothetically could have argued at sentencing that Petitioner played a "minimal" role in the offense, warranting a four-level reduction.   Counsel made objections to the PSIR,[26] which suggests Counsel considered the PSIR and decided not to object to the assessment that Petitioner was a "minor" participant.   This decision does not strike the Court as unreasonable professional judgment.

Petitioner also contends Counsel failed to pursue a two-level reduction for the "safety valve" provision pursuant to U.S.S.G. § 5C1.2.   The "safety valve" provision is only applicable where a defendant has no more than one criminal history point.[27]   The PSIR assessed Petitioner six criminal history points.   After Counsel successfully objected to the inclusion of three points, Petitioner was still ineligible for the "safety valve" provision because she had three remaining criminal history points.   Therefore, Counsel's decision not to argue for a reduction for Safety Valve at sentencing was not unreasonable.

Finally, Petitioner contends that Counsel failed to research court papers and effectively argue Petitioner was entitled to a reduction in sentence via Rule 35.   It is solely within the Province of the government to file a motion for substantial assistance.   According to the government, Petitioner's information was of no assistance in another ongoing investigation.   Counsel's decision to refrain from arguing frivolously for a reduction against the government's determination that it would not file a motion for substantial assistance cannot be characterized as

---

[26]In the PSIR, Counsel objected to facts (where Petitioner encountered a man named Abel) which bore on the information she gave the government, and to the inclusion of three criminal history points based on a prior conviction in Georgia in which Petitioner was not represented by Counsel.

[27]United States Sentencing Guidelines Manual § 5C1.2(a)(1) (2002).

performance below an objective level of reasonableness.  Therefore, the Court finds Counsel's performance reasonable under *Strickland*.

### b.  Prejudicial Effect of Counsel's Performance

Even had Counsel's performance been unreasonable, Petitioner cannot show that she suffered prejudice.  The second prong of the *Strickland* test requires Petitioner to show that Counsel's deficient performance prejudiced her defense.  In order to show that Counsel's deficient performance prejudiced her defense, Petitioner must show that "but for Counsel's errors, there is a reasonable probability that the outcome of the proceeding would have been different."[28] "The burden of making such a showing lies with the defendant."[29]

Had Counsel requested Petitioner receive a two-level reduction for the "safety valve" provision, the request would have been denied.  Petitioner did not qualify for the "safety valve," as discussed above, because her criminal history score was three.  An argument for a four-level reduction for role in the offense likely would also have been unsuccessful.  The PSIR gave Petitioner a two-level reduction for "minor" role in the offense.  Furthermore, a four-level reduction for role in the offense would not have changed Petitioner's sentence.  Since Petitioner was not applicable for the "safety valve" provision, the Court was bound to sentence her to the mandatory minimum sentence of 120 months, or ten years. Thus, the outcome of Petitioner's sentencing hearing would not have been different if Counsel had argued for a two-level reduction for "safety valve" and a four-level reduction for role in the offense.

---

[28]*Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999).

[29]*United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004).

Petitioner's contention that Counsel failed to effectively argue that she was entitled to a reduction in sentence via Rule 35 is wholly without merit. The government found Petitioner's information of no use in another ongoing investigation. Therefore, Petitioner was not entitled to a reduction via Rule 35. Counsel's performance, to the extent he failed to research court papers and effectively argue, did not affect the government's decision that Petitioner had not been of substantial assistance.

Finally, Petitioner does not contend that, but for Counsel's performance she would not have entered a guilty plea. Therefore, the Court finds that, notwithstanding Counsel's performance at sentencing and in regard to rule 35, Petitioner would likely have pled guilty and received a similar if not identical sentence. Petitioner has not met her burden of showing that, but for Counsel's errors, a reasonable probability exists that the outcome of her sentencing or trial would have been different.

### 2. Pertinence of the Ineffectiveness Claims to the Validity of the Plea

"Only ineffective assistance of counsel in connection with the negotiation of the waiver results in a miscarriage of justice."[30] Whether ineffective assistance claims attack the validity of the plea or waiver must be addressed on a case-by-case basis.[31] A defendant may attack the validity of the plea by showing that Counsel led her to believe she would receive a sentence shorter than that prescribed by law.[32]

---

[30]*United States v. Crane*, 2005 U.S. App. LEXIS 27235, at *5 (citing *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004)).

[31]*United States v. Cockerham*, 237 F.3d 1179, 1188 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002).

[32]*See United States v. Herrera*, 2005 U.S. Dist. LEXIS 5888, at *12-13 (D. Kan. Apr. 7, 2005).

Petitioner's claims do not attack the validity of her plea.  They arose long after she entered her plea.  Petitioner's first and second claims regard Counsel's failure to secure reductions for her role in the offense and the "safety valve" at sentencing.  This failure could only pertain to the validity of Petitioner's plea if Counsel led her to believe at the time she entered her plea that he would secure the reductions.  The terms of the plea agreement, which Petitioner understood and voluntarily assented to, did not guarantee those reductions.  Petitioner attested in her Petition to Enter Plea that she received no promises, suggestions or predictions about her sentence before entering her plea, and that she understood that any such promises had no authority.  The Court finds that the performance of Counsel at sentencing had no bearing on Petitioner's decision to enter a guilty plea.

Likewise, Counsel's failure to pursue a reduction in sentence for substantial assistance had no bearing on Petitioner's decision to enter a guilty plea.  Petitioner attested in her Petition to Enter Plea that she received no promises, suggestions or predictions about her sentence before entering her plea.  In fact, before Petitioner entered her guilty plea, she was advised by Counsel[33] and by this Court[34] that a reduction for substantial assistance was wholly within the purview of the government.

Because Petitioner's claims of ineffective assistance of counsel lack merit and do not challenge the validity of her plea or waiver, they do not survive the waiver of the right to

---

[33]Counsel informed Petitioner in a letter dated July 14, 2004, "[i]f you choose to cooperate with the government and can provide them information which they find to be of substantial assistance in the prosecution of other crimes, they may be willing to file a motion on your behalf requesting that the sentence be reduced."  (Doc. 46-3.)

[34]The Court advised Petitioner at the change of plea hearing, "I want you to understand that [the provision of the plea agreement dealing with a reduction for substantial assistance] is solely within the province of the government."

collaterally attack her sentence under 28 U.S.C. § 2255 contained in her plea agreement.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion Under 28

U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 46) is **DENIED.**

IT IS SO ORDERED.

Dated this 27th day of June, 2006.



   **S/ Julie A. Robinson**
   **JULIE A. ROBINSON**
   **UNITED STATES DISTRICT JUDGE**